UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:20-CR-31 |
| ) | JUDGE CORKER |
| JAMES ELLISON CATOE ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from on or about April 5, 2019, and for at least the preceding year, and continuing until on or about November 19, 2019, in the Eastern District of Tennessee, JAMES ELLISON CATOE, did knowingly distribute any child pornography as defined in Title 18, United States Code § 2256(8), that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer.

[18 U.S.C. § 2252A(a)(2)(A) and (b)(1)]

### COUNT TWO

The Grand Jury further charges that on or about April 5, 2019, and for at least the preceding year, and continuing until on or about November 19, 2019, in the Eastern District of Tennessee, JAMES ELLISON CATOE, did knowingly receive any child pornography as defined in Title 18, United States Code § 2256(8), that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by computer.

[18 U.S.C. § 2252A(a)(2)(A) and (b)(1)]

## COUNT THREE

The Grand Jury further charges that on or about April 5, 2019, and for at least the preceding year, and continuing until on or about November 19, 2019, in the Eastern District of Tennessee, JAMES ELLISON CATOE, did knowingly possess or access with the intent to view any matter that contained an image of child pornography as defined in Title 18, United States Code § 2256(8), that had been mailed, or shipped, or transported in interstate or foreign commerce by any means, including by an computer, or were produced using materials which had been mailed or shipped or transported using any means or facility of interstate or foreign commerce by any means, including by computer.

[18 U.S.C. § 2252A(a)(5)(B) and (b)(2)]

## FORFEITURE ALLEGATIONS

1. The allegations set forth in Counts One, Two and Three are re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 2253.

2. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A, defendant JAMES ELLISON CATOE shall forfeit to the United States of America defendant's interests in the following:

   a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

   b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of the offenses.

3. The property to be forfeited includes, but is not limited to the following:

(a) One Compaq laptop SN: CNF9495002;

(b) One HP laptop SN: CND8261R7Y;

(c) One Acer tablet; and

(d) One Motorola Z3 cell phone.

4. If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

TRUE BILL:

████████████

FOREPERSON

J. DOUGLAS OVERBEY
United States Attorney

By: _____
ANDREW C. PARKER
Assistant U.S. Attorney