UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
)    No. 2:20-CR-31
v.    )
)    JUDGE CORKER
JAMES ELLISON CATOE    )

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of
Tennessee, and the defendant, JAMES ELLISON CATOE, and the defendant's attorney, H.
RANDOLPH FALLIN, have agreed upon the following:

1.    The defendant will plead guilty to the following count(s) in the indictment:

a)    Count One. Knowingly distributing any child pornography that has been
transported, shipped, or mailed in interstate or foreign commerce including by computer in violation
of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1).

The punishment for this offense is as follows. A minimum of 5 years imprisonment and up
to 20 years imprisonment, a maximum $250,000.00 fine, minimum of 5 years and up to life on
supervised release, and a $100 mandatory assessment.

2.    In consideration of the defendant's guilty plea(s), the United States agrees to move
the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this
indictment.

3.    The defendant has read the indictment, discussed the charges and possible defenses
with defense counsel, and understands the crime(s) charged. Specifically, the elements of the
offense(s) are as follows:

a)    The defendant knowingly distributed child pornography;

1

b) the items depicted actual minors engaged in sexually explicit conduct;

c) when the defendant received the items, the defendant was aware of the sexually explicit nature and character of the materials and that the visual depictions are of minors engaged in sexually explicit conduct; and

d) the items had been transported, shipped or mailed in interstate or foreign commerce including by computer.

4.     In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On April 5, 2019, the Carter County Sheriff's Office (CCSO) received a tip from the National Center for Missing and Exploited Children (NCMEC) about downloaded images and videos of child pornography in Elizabethton, TN. CCSO requested assistance from Homeland Security Investigations (HSI) Agent Travis Carrier. According to the NCMEC report, Oath Holdings, Inc. (also known as Yahoo Holdings, Inc.) had contacted NCMEC on April 5, 2019, after one of their users had downloaded multiple images and videos suspected of being child pornography on that day. On August 26, 2019, Oath Holdings, Inc. again contacted NCMEC to advise that the same user had downloaded more images and videos of child pornography that day. Between the two Oath Holdings tips, there were a total of 11, 264 images of child pornography made up of photographs and videos (one video being equal to 75 images). The videos were viewed by Captain Jeff Markland of CCSO and Agent Travis Carrier and confirmed to be child pornography. At least one of the videos involved the victimization of a toddler. Based on the user's email address (a

2

Yahoo.com address) Agent Carrier was able to find subscriber and IP address information which led to the defendant's location. Using information obtained from NCMEC and through the subsequent investigation, a search warrant was signed by Carter County Criminal Court Judge Lisa Rice on November 19, 2019, for the defendant's residence to seize and search computers and cellphones. The warrant was executed at the defendant's home the same day. Law enforcement seized two laptops (Compaq laptop SN: CNF9495002 and HP laptop SN: CND8261R7Y), one Acer tablet, and the defendant's Motorola Z3 cell phone. These items were turned over to Brian Wall, a computer forensics agent with HSI to be analyzed.

The defendant was present at the residence during the execution of the search warrant and agreed to speak with Agent Carrier after signing a *Miranda* waiver. The defendant claimed ownership of the computers, tablet, and cell phone seized during the execution of the search warrant. The defendant also claimed ownership of the email address flagged Oath Holdings and reported to NCMEC. The defendant admitted to downloading all of the photos and videos in question (11,264 images total) and then saving them in folders within the Yahoo.com email address. The defendant stated that he had been viewing, downloading, and trading child pornography for some time and he began viewing child pornography during a period where he and his wife were having problems. The defendant stated that child pornography had turned into an addiction. The defendant told law enforcement that he traded pornography with other people using the Kik program. The defendant admitted to trading approximately five to ten images and/or videos daily for approximately one year using Kik. The defendant told law enforcement that he primarily used his cell phone to download, view, and trade the child pornography.

The defendant went on to tell law enforcement that he had a 14-year-old female friend he had met on Kik. The defendant admitted sending her naked photos (chest-down) and asked

3

her to send naked photos of herself to him. The 14-year-old female eventually agreed to send naked photos to the defendant and the two exchanged naked photos of themselves approximately 50 times. The defendant said that the two of them had discussed having sex but never had and he never planned to meet her.

For purposes of this plea agreement, the defendant agrees and stipulates that the above mentioned videos and images of child pornography meet the definition of child pornography pursuant to Title 18, United States Code § 2256(8).

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

        a)     the right to plead not guilty;

        b)     the right to a speedy and public trial by jury;

        c)     the right to assistance of counsel at trial;

        d)     the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

        e)     the right to confront and cross-examine witnesses against the defendant;

        f)     the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

        g)     the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

        a)     The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

4

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant

5

not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8.      The defendant agrees to pay the special assessment in this case prior to sentencing.

9.      Financial Obligations.  The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court.  The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately.  If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution.  The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate.  The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.  In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a)      If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

6

b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c)     If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10.     The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a)     The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b)     The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

7

c)	The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11.	The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

12.	This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any

8

court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

13.     The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

14.     This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

9

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

_____7/30/2020_____          By:     _____
Date                                      ANDREW C. PARKER
                                          Assistant United States Attorney

_____7-30-20 20_____                 _____
Date                                      JAMES ELLISON CATOE
                                          Defendant

_____7/30/2020_____                  _____
Date                                      H. RANDOLPH FALLIN
                                          Attorney for the Defendant

10