UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.: 2:20-CR-31 |
| v. ) | JUDGE CORKER |
| ) | |
| JAMES ELLISON CATOE ) | |

**SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Francis M. Hamilton III, Acting United States Attorney for the Eastern District of Tennessee, and files this sentencing memorandum addressing the appropriate 18 U.S.C. § 3553(a) factors and sentence recommendation, in compliance with the Court's Order.

**I. Sentencing Factors**

*a. The nature and circumstances of the offense:*

The defendant pleaded guilty to Count One of the indictment for distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1). For purposes of this memorandum, the facts of this offense are set forth in paragraphs 7 through 11 of the Presentence Investigation Report.

*b. The history and characteristics of the defendant:*

The defendant is a 47-year-old male who is currently married. The defendant has two adult children from a previous marriage, but it appears that the relationship with his children is strained. The defendant reports a "good" childhood in a stable home with both parents present. The defendant joined the United States Army at age 19 and served for many years and in two wars before being honorably discharged. Unfortunately, the defendant's military service left him with both physical and psychological wounds and he is now a 90% disabled veteran. The defendant has no criminal history. From the outside, it seems that the defendant has lived a relatively normal, even honorable, life.

However, the defendant was involved in the trade and distribution of over 11,000 images of child pornography including multiple images depicting the sexual abuse of toddlers. The defendant admitted to law enforcement that he had been viewing and collecting child pornography for some time and began doing so when his wife was ill and there were some issues at home. The defendant told investigators that he believed he had developed an addiction to child pornography and would trade child pornography with other individuals on the messaging application KIK. The defendant stated that he would trade approximately five to 10 videos or images of child pornography with others daily for around one year.

Perhaps most disturbing, the defendant disclosed to law enforcement that he had begun a relationship with a 14-year-old female that he met on the KIK app. The defendant would send her naked photos of himself and would solicit explicit photographs from her. Eventually she began sending the defendant naked photos of herself. The defendant estimated that that the two of them exchanged naked photos of themselves 50 times.

    c.    *To reflect the seriousness of the offense and to promote respect for the law:*

"Child pornography is, without qualification, a serious crime." *United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012). A computer forensic search of the hard drives revealed approximately 1,500 images of child pornography consisting of 21 videos. The defendant admitted to distributing and trading child pornography to hundreds of individuals for some time prior to detection by law enforcement.

As a society, it is our duty to protect children. The Sixth Circuit has reasoned that "[t]he most vulnerable members of our society have been exploited and discarded. Those who traffic in or consume child pornography must be punished severely." *United States v. Cunningham*, 680 F. Supp. 2d 844, 847–48 (N.D. Ohio 2010), aff'd, 669 F.3d 723 (6th Cir. 2012).

The defense may argue that comparatively, child pornography is not as serious as molesting a child. However, as the Supreme Court has held, the distribution of child pornography is a serious

offense that must be stopped:

> "The distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children in at least two ways. First, the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation. Second, the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled."

*New York v. Ferber,* 458 U.S. 747, 759–60 (1982).

The defendant willingly participated in the further exploitation of young children and these images and videos will have a lifelong, lasting impact on the victims who are depicted in them. The sheer number of images coupled with the type of images the defendant possessed certainly warrants just punishment.

    d.    *To afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant:*

The defendant possessed approximately 11,000 images that exhibited the molestation and sexual abuse of children, including toddlers. The number of victims represented by those 11,000 images is astronomical. A five-year minimum mandatory prison term is a strong deterrence to an individual that simply received child pornography. However as the facts support, the defendant not only received child pornography, but also solicited, shared, collected and viewed it. Probation correctly applied the multiple specific characteristic enhancements listed in U.S.S.G. § 2G2.2(b) and a victim related adjustment listed in U.S.S.G. § 3A1.1(b). The enhancements consider the contents of the videos and images received and viewed by the defendant. The multiple levels of enhancements placed on the defendant's sentence should provide a strong deterrence.

The defendant may argue that multiple enhancements are unwarranted as they are Congressional mandates not based in empirical analysis by the United States Sentencing Commission. However, the Sixth Circuit has rejected this argument, "a district court is entitled to rely on the § 2G2.2 enhancements unless it has a reasonable policy basis for not doing so." *Cunningham*, 669 F.3d,

733; see *United States v. Bistline*, 665 F.3d 758, 761 (6th Cir. 2012). The enhancements that apply consider the contents of the videos and images that the defendant possessed and viewed. While some may argue that most enhancements apply to many defendants, the enhancements certainly reflect Congress' intent and society's goal of protecting children from further abuse.

Additionally the Court should consider general deterrence as well. "The emphasis should be upon deterring the production, distribution, receipt, or possession of child pornography… General deterrence is crucial in the child pornography context." *United States v. Robinson,* 669 F.3d 767, 777 (6th Cir. 2012).

e. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;*

The defendant reported that he suffers from both physical and mental health issues. The defendant reported that he does not have any issues with substance abuse. It is the hope of the United States that, while incarcerated, the defendant will take advantage of the programs offered by the Bureau of Prisons and that he will benefit from those programs.

**II      Recommendation**

The presentence report prepared by U.S. Probation establishes the advisory guideline range to be 262 to 327 months imprisonment based on a total offense level of 39 and criminal history category I. The statutory maximum for this offense is 20 years, which is less than the minimum of the applicable guideline range. Therefore, the applicable guideline term of imprisonment is 240 months. The United States concurs that this is the applicable advisory range and the United States recommends a sentence of 240 months imprisonment as it adequately considers the sentencing factors enumerated in 18 U.S.C. § 3553(a). The United States objects to any departure or variance from the correctly calculated sentencing guideline range.

Respectfully submitted,

FRANCIS M. HAMILTON III
Acting United States Attorney

By:    s/ *Andrew C. Parker*
      ANDREW C. PARKER
      Assistant United States Attorney
      FL Bar No.: 100949
      220 W. Depot St., Suite 423
      Greeneville, TN 37743
      andrew.parker@usdoj.gov
      (423) 639-6759