UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:20-CR-00031-DCLC-CRW |
| v. | ) | |
| JAMES ELLISON CATOE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 48]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 49].

**I.    BACKGROUND**

On August 11, 2020, Defendant pleaded guilty to one count of distribution of child pornography [*See* Docs. 21, 23]. Based on a total offense level of 39 and a criminal history category of I, Defendant's guideline range was 262 to 327 months [Doc. 44, ¶ 56]. Due to the statutorily authorized maximum sentence of 20 years, however, the applicable guideline term of imprisonment was 240 months. *See* U.S.S.G. § 5G1.1(a). The Court imposed a variance and sentenced Defendant to 210 months [Doc. 45, pg. 2]. Defendant is currently housed at FPC Elkton, and his projected release date is January 21, 2035. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 2, 2024). He now moves for a sentence reduction pursuant to Guideline Amendment 821 [Doc. 48].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant was a zero-point offender. Thus, if he meets the requirements of U.S.S.G. § 4C1.1(a), his offense level may be decreased by two levels. One such requirement is that the offense of conviction must not be a sex offense. U.S.S.G. § 4C1.1(a)(5). "Sex offense" includes, in relevant part, "an offense, perpetrated against a minor, under . . . chapter 110 of title 18, not including a recordkeeping offense[.]" U.S.S.G. § 4C1.1(b)(2). Here, the offense of conviction is distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1) [Doc. 45, pg. 1] which is an offense against a minor under chapter 110 of title 18.

Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### III.     CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 48] is **DENIED**.

**SO ORDERED:**

                                         s/ Clifton L. Corker
                                         United States District Judge